**UNITED STATES of America, Appellee,**

v.

**Terry Daniel CHATMAN, Appellant.**

**No. 75–1532.**

United States Court of Appeals, Fourth Circuit.

Submitted Nov. 10, 1975.

Decided March 8, 1976.

---

Thamas O. Mucklow, Philippi, W. Va. (court-appointed counsel), on brief for appellant.

* Sitting by Designation.

1. The regulation implementing section 1791 reads:

   The introduction or attempt to introduce into or upon the grounds of any Federal penal institution or the taking or attempt to take or send therefrom anything whatsoever without the knowledge or consent of the warden or superintendent of such Federal penal or correctional institution is prohibited.
   28 C.F.R. § 6.1 (1975).

2. It has been pointed out elsewhere that there is a "dearth of judicial scrutiny" of the statute

James F. Companion, U. S. Atty., Wheeling, W. Va., and Stephen G. Jory, Asst. U. S. Atty., Elkins, W. Va., on brief for appellee.

Before CLARK *, Supreme Court Justice, Retired, HAYNSWORTH, Chief Judge, and BOREMAN, Senior Circuit Judge.

HAYNSWORTH, Chief Judge:

Terry Daniel Chatman, an inmate at the Kennedy Youth Center at Morgantown, West Virginia, was charged with unlawfully introducing a contraband article onto the grounds of that federal institution. More specifically, he was charged with bringing 24.3 grams of marijuana back with him from an afternoon furlough in Morgantown. After a two-day jury trial, Chatman was convicted and sentenced to ten years imprisonment.

The present appeal primarily involves an attack upon 18 U.S.C. § 1791, the statute under which Chatman was convicted. That statute provides:

> Whoever, contrary to any rule or regulation promulgated by the Attorney General, introduces or attempts to introduce into or upon the grounds of any Federal penal or correctional institution or takes or attempts to take or send therefrom anything whatsoever, shall be imprisoned for not more than ten (10) years.[1]

Appellant Chatman contends that the statute is unconstitutionally vague and overbroad in that it fails to define the crime with certainty and definiteness.[2]

It is, of course, a fundamental tenet of constitutional law that criminal stat-

being challenged here and that the Supreme Court has never passed on the matter. *United States v. Ahmad*, 347 F.Supp. 912, 917 (M.D. Pa.1972). Most cases in other jurisdictions have involved the question of whether § 1791 constitutes an unlawful delegation of legislative power to the executive branch. To date, it appears that the statute has withstood all attack based upon the delegation issue. *E. g. Carter v. United States*, 333 F.2d 354 (10th Cir. 1964); *United States v. Ruckman*, 169 F.Supp. 160 (S.D.W.Va.1959). Chatman does not even raise the question of unlawful delegation in this appeal.

utes must be reasonably definite as to the persons and conduct within their scope and that a statute must be held void when it is so vague that "men of common intelligence must necessarily guess at its meaning and differ as to its application." *Connally v. General Construction Company,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926). Were the statute in question here an ordinary criminal statute we might feel constrained to hold that it runs afoul of the well-established void-for-vagueness doctrine. In this case, however, we must construe the statute while bearing in mind the unique environment in which it is designed to operate. A federal penal institution has peculiar needs, and statutes designed to regulate articles being introduced into such institutions must be scrutinized in light of those needs. *Cf. United States v. Flower,* 452 F.2d 80, 86 (5th Cir. 1971). Pragmatically speaking, it would be virtually impossible for a single statute to catalogue the numerous items which must be prohibited in the interest of prison safety and security. Accordingly, we hold that § 1791 is not unduly vague or overbroad when viewed in the context of the highly distinctive prison milieu. *See United States v. Berrigan,* 482 F.2d 171 (3rd Cir. 1973); *United States v. Ahmad,* 347 F.Supp. 912 (M.D.Pa.1972).

We find no merit in any of the other issues raised by Chatman.

AFFIRMED.